
FILED
IN OPEN COURT

JAN - 2 2013

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA </br></br> v. </br></br> CONCEPCION BENITEZ-PINEDA, </br> also known as "Conchi" and "Concha," </br></br> Defendant. | Criminal Case No. 1:12-cr-00255 </br></br> Honorable Liam O'Grady |

## STATEMENT OF FACTS

The parties stipulate that the allegations in the Third Superseding Indictment and the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt.

1. Between in and around 2010 and May 2012, the exact dates being unknown to the Grand Jury, within the Eastern District of Virginia and elsewhere, the defendant, Concepcion Benitez-Pineda (also known as "Conchi" and "Concha"), did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with others, both known and unknown to the Grand Jury, to unlawfully, knowingly, and intentionally distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

2. Between in and around 2010 and in and around May 2012, the exact dates being unknown to the Grand Jury, within the Eastern District of Virginia and elsewhere, the defendant, Concepcion Benitez-Pineda (also known as "Conchi" and "Concha"), did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with others, both known and unknown to the Grand Jury, to transport, transmit, and transfer, and attempt to transport,

transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, that is, conspiracy to import cocaine, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and 963, as set forth and charged in Count One of the Third Superseding Indictment.

3. During the course and in furtherance of the conspiracy, members of the conspiracy within the United States, including, but not limited to, the defendant, Samuel Benitez-Pineda (also known as "Wilfredo Benitez," "Roque," and "Chiripa"), Mario Benitez-Pineda (also known as "Chaparro" and "Cuzuco"), Alex Omar Mejia Moreno (also known as "Gordito"), and Jose Fredy Delcid (also known as "Oscar Salgado," "Oscar," Franklin," "Chami," and "Matador") regularly received wholesale quantities of cocaine from sources of supply in Honduras.

4. During the course and in furtherance of the conspiracy, couriers smuggled the cocaine from Honduras into the United States by carrying it in seemingly innocent items such as decorative wooden frames and shoes. The couriers flew into various airports within the United States, to include Washington Dulles International Airport, in Loudoun County, Virginia, within the Eastern District of Virginia.

5. During the course and in furtherance of the conspiracy, members of the conspiracy within the United States distributed the cocaine smuggled from Honduras to customers and/or other co-conspirators, who in turn distributed it to their customers. Co-conspirators who, during the course and in the furtherance of the conspiracy, distributed cocaine to other co-conspirators and/or their own customers included, but were not limited to, the defendant, Samuel Benitez-Pineda, Mario Benitez-Pineda, Alex Omar Mejia Moreno, Jose Fredy

Delcid, Jose Delores Vanegas (also known as "Chivo" and "Chivito"), Domingo Gomez-Rivera (also known as "Flaco" and "Flaquito"), and Jose Lorenzo Saravia (also known as "Jose Saravia-Lozano").

6. During the course and in furtherance of the conspiracy, the defendant and co-conspirators collected payments in exchange for the distributed cocaine and then later sent portions of the proceeds back to the sources of supply in Honduras via wire transfers. The defendant and co-conspirators would sometimes send the wire transfers themselves, while other times they would use other co-conspirators or third parties to send the wire transfers on their behalf. The defendant and co-conspirators conspired to send the wire transfers with the intent to promote the carrying on of specified unlawful activity, that is, conspiracy to import cocaine.

7. During the course and in furtherance of the conspiracy, the defendant communicated with co-conspirators via cellular telephone to discuss and further their drug trafficking activity. In doing so, members of the conspiracy used various methods to avoid the detection of law enforcement, including communicating on pre-paid cellular telephones not associated with their real names; changing the telephones and/or telephone numbers they used; and using coded language to disguise the nature of their conversations.

8. During the course of and in furtherance of his participation in the conspiracy, the defendant was personally involved in the distribution of, or it was reasonably foreseeable to the defendant that the defendant's co-conspirators distributed in furtherance of the conspiracy, at least five (5) kilograms of a mixture and substance containing a detectable amount of cocaine.

9. The acts taken by the defendant in furtherance of the offense charged in this case, including the acts described above, were done willfully and knowingly with the specific intent to violate the law. The defendant acknowledges that the foregoing Statement of Facts does not

describe all of the defendant's conduct relating to the offense charged in this case nor does it identify all of the persons with whom the defendant may have engaged in illegal activities. The defendant further acknowledges that the defendant is obligated under the plea agreement to provide additional information about this case beyond that which is described in this Statement of Facts.

10. The Statement of Facts shall be admissible as a knowing and voluntary confession in any proceeding against the defendant regardless of whether the plea agreement is presented to or accepted by a court. Moreover, the defendant waives any rights that the defendant may have under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410, the United States Constitution, and any federal statute or rule in objecting to the admissibility of the Statement of Facts in any such proceeding.

Respectfully submitted,

NEIL H. MACBRIDE
United States Attorney

*/s/ Scott B. Nussbum*

SEAN P. TONOLLI
Assistant United States Attorney
SCOTT B. NUSSBUM
Special Assistant United States Attorney

## Defendant's Signature

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Concepcion Benitez-Pineda, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: 12-29-12

Concepcion Benitez-Pineda
Defendant

## Defense Counsel Signature

I am Concepcion Benitez-Pineda's attorney. I have carefully reviewed the above Statement of Facts with her. To my knowledge, her decision to stipulate to these facts is an informed and voluntary one.

Date: 12/29/12

Jerome P. Aequino
Counsel for the Defendant